UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BENJAMIN W. ESPINOSA,<br><br>                        Plaintiff,<br>    v.<br>RENE BAKER, *et al.*,<br><br>                        Defendants. | Case No. 3:17-cv-00710-MMD-CLB<br><br>ORDER |

**I.  SUMMARY**

*Pro se* Plaintiff Benjamin W. Espinosa, currently incarcerated and in the custody of the Nevada Department of Corrections ("NDOC"), alleges violations of his constitutional rights under 42 U.S.C. § 1983 in this case against correctional facility officials generally arising from his contention they filed false disciplinary charges against him for assisting another incarcerated person with a Section 1983 lawsuit and filing a grievance against a caseworker, and then did not provide him the process he was due at the ensuing disciplinary hearing. (ECF No. 14.) Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla L. Baldwin (ECF No. 91), recommending that the Court grant Defendants' case-dispositive summary judgment motion (ECF No. 66), dismiss certain unserved Defendants, and deny two subsequent motions Plaintiff filed as moot. Plaintiff filed an objection to Judge Baldwin's Recommendation.[1] (ECF No. 92.) As further explained below, the Court will overrule Plaintiff's objection because the Court agrees with Judge Baldwin's analysis of the

---

[1] Defendants did not file a response to Plaintiff's objection, though the time for doing so has elapsed.

underlying summary judgment motion, and will fully adopt the R&R, resolving this case in Defendants' favor.

## II. BACKGROUND

The Court incorporates by reference Judge Baldwin's recitation of the factual background of this case (ECF No. 91 at 1-5), and does not recite it here. As relevant to Plaintiff's objection, Judge Baldwin generally recommends granting summary judgment to Defendants because she found they carried their initial burden, and Plaintiff did not proffer sufficient evidence in opposition. (*See generally id.*) More specifically, Judge Baldwin first recommends the Court grant summary judgment to Defendants on Plaintiff's First Amendment retaliation claim because Defendants proffered evidence to support their claim that Plaintiff was disciplined for legitimate reasons, and Plaintiff did not counter that evidence with any of his own evidence tending to show Defendants retaliated against him by filing false disciplinary charges because of his protected First Amendment activity—in this case, helping someone else with a lawsuit. (*Id.* at 7-11.) Judge Baldwin next recommends the Court grant summary judgment to Defendants on Plaintiff's due process and equal protection claims because Plaintiff's 30-day placement in disciplinary segregation does not constitute an atypical and significant hardship, and, alternatively, Defendants proffered sufficient evidence that Plaintiff was afforded due process at a March 16, 2017 hearing. (*Id.* at 11-14.) Because Judge Baldwin found no due process violation, she also found no equal protection violation because Plaintiff's equal protection claim was that, while other inmates received the process they were due, he did not. (*Id.* at 14 n.8.)

Judge Baldwin further recommends that Plaintiff's "Counts III and IV claims be dismissed, with prejudice, and that Defendants Bennett and Bellanger be dismissed from this action[,]" because Plaintiff stated in his opposition that he wanted to voluntarily dismiss them. (*Id.* at 14.) In addition, Judge Baldwin recommends that Plaintiff's supervisory-liability claims be dismissed because she recommends finding his constitutional rights were not violated. (*Id.*)

Turning to more administrative matters, Judge Baldwin recommends that two of Plaintiff's pending motions be denied as moot in light of her recommendation to grant Defendants' motion for summary judgment. (*Id.*) Judge Baldwin elsewhere recommends that Plaintiff be permitted to file two CDs for in camera inspection in support of his opposition. (*Id.* at 2 n.5 (recommending the Court grant ECF No. 90).)[2] Judge Baldwin also recommends the Doe Defendants be dismissed because Plaintiff never identified them, and two other Defendants be dismissed under Fed. R. Civ. P. 4(m). (*Id.* at 15.) Finally, Judge Baldwin recommends the Court direct entry of judgment and close this case if it adopts her Recommendation in full because it resolves all outstanding issues in this case. (*Id.*)

## III.   LEGAL STANDARDS

### A.   Review of the Magistrate Judge's Recommendation

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* Because of Plaintiff's objection to the R&R, the Court has undertaken a de novo review of it, including the underlying briefs.

### B.   Summary Judgment Standard

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the

---

[2]The Court agrees, and will adopt this recommendation.

nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

**IV.  DISCUSSION**

Following a de novo review of the R&R, relevant briefs, and other records in this case, the Court finds good cause to accept and adopt Judge Baldwin's R&R in full. The Court addresses below Plaintiff's objection.

Plaintiff first objects to Judge Baldwin's recommendation that the Court grant Defendants summary judgment on his First Amendment retaliation claim because she

4

overlooked his proffered storyline of events, which he argues both showed Defendants were retaliating against him, and otherwise supported Plaintiff's view they were retaliating against him because not much time elapsed between the time he filed a grievance and the time disciplinary charges were filed against him. (ECF No. 92 at 3-4.) Plaintiff supports this argument by referring to his opposition. (*Id.* (relying on ECF No. 89 at 26-27).) His opposition, in turn, relies on paragraph 61 and exhibits A-E of his operative complaint. (ECF No. 89 at 27 (relying on ECF No. 14 at 11, 14-1 at 7-23; *see also* ECF No. 14-1 at 3 (explaining that Exhibits A-E are the grievance history of grievance 41438).) Grievance 41438 generally covers Plaintiff's allegation that Caseworker Ward was verbally harassing him, told him he would never be assigned to the phase one yard (a preferable housing unit) if he kept filing lawsuits, and said, 'when you attack NDOC, you attack me." (ECF No. 14-1 at 7-23.)

However, none of this is directly responsive to Judge Baldwin's key finding in the portion of her Recommendation Plaintiff objects to. In his operative Complaint, Plaintiff alleges that "Defendants created false disciplinary reports based on Plaintiff's grievance efforts against Ward." (ECF No. 15 at 5.) Judge Baldwin found Plaintiff had not proffered any evidence that the disciplinary charges filed against him were filed *because* he filed a grievance against Ward. (ECF No 91 at 9-11.) In so finding, Judge Baldwin agreed with Defendants there was no causal connection between Plaintiff's grievance against Ward and subsequent disciplinary charges filed against him. (*Id.* at 9 (citing ECF No. 66 at 11).) The Court agrees with Judge Baldwin and Defendants. The disciplinary charges against Plaintiff mentioned in his operative Complaint are unrelated to Plaintiff's grievance 41438 against Ward. (ECF No. 66 at 11 (proffering (ECF Nos. 66-8 (regarding an unauthorized tattoo), 66-11 (regarding a different dispute with Ward, assigned the number 421824, where she charged him for trying to compromise her by offering to drop all grievances against her if she authorized a bed move for him), 66-14 (regarding an incident where Plaintiff allegedly brought a cup near Correctional Officer Gatlin's face in a threatening manner), 66-19 (regarding an incident where Plaintiff allegedly tried to sign up for free

5

college classes even though he knew he was not allowed to because he was housed in intake)).) The Court therefore overrules Plaintiff's objection to Judge Baldwin's finding he did not show the requisite causal connection between his grievance about Caseworker Ward and the disciplinary charges later filed against him.

Plaintiff next objects to Judge Baldwin's statement in her Recommendation that Plaintiff did not proffer any direct evidence of retaliation in the form of retaliatory statements from prison staff. (ECF No. 92 at 4-5 (referring to ECF No. 91 at 10).) Plaintiff argues he included retaliatory statements in his verified Complaint, specifically pointing to Paragraphs 41-42, 49, and 65-66 of that Complaint. (*Id.*) However, those paragraphs do not contain retaliatory statements pertinent to Plaintiff's retaliation theory as alleged in his Complaint. (ECF No. 14 at 55-56, 58.) All of these purported statements relate to Plaintiff's dispute with Ward reflected in grievance 41438, not any of the alleged false disciplinary charges that came later—and thus do not establish the causal link required for Count I to survive summary judgment. (*Id.*) The Court therefore also overrules this objection.[3]

As to Judge Baldwin's recommendation to grant summary judgment to Defendants on Plaintiff's due process claim, Plaintiff objects that Judge Baldwin only discussed one disciplinary hearing in her Recommendation, while he also included allegations about two other disciplinary hearings in his Complaint. (ECF No. 92 at 7.) However, Plaintiff's allegations in Counts II and V of his operative Complaint were only tied to the one disciplinary hearing that Judge Baldwin discussed. (ECF Nos. 14 at 15, 15 at 5-6, 91 at 11-14.) Moreover, the Court agrees with Judge Baldwin's analysis. (ECF No. 91 at 11-14.) The Court also agrees with Judge Baldwin that Plaintiff's equal protection claim must fail because Defendants are entitled to summary judgment on his due process claim, as his equal protection claim was that he did not get due process while others did. (*Id.* at 14 n.8)

---

[3] Plaintiff separately includes a very similar objection that the Court overrules for the same reasons it overrules the first two objections discussed in this order. (ECF No. 92 at 5-6.) In addition, Plaintiff explains why he continues to mention conspiracy in his filings even though his conspiracy claim was already dismissed. (*Id.* at 6.) The Court thus will not address that portion of Plaintiff's objection.

6

The Court thus overrules Plaintiff's objections to the portion of the Recommendation addressing due process and equal protection.

Plaintiff also more generally objects that allegations in his verified Complaint (ECF No. 14) establish factual disputes making summary judgment inappropriate. (ECF No. 92 at 9.) However, as discussed above, the portions of Plaintiff's verified Complaint he points to in his objection do not establish any material factual disputes rendering Judge Baldwin's Recommendation unpersuasive. *See Anderson*, 477 U.S. at 248-49 (stating a dispute is "material" if it could affect the outcome of the suit under the governing law, and "[f]actual disputes that are irrelevant or unnecessary will not be counted"). And while Plaintiff naturally argues two of his pending motions should not be denied as moot, and the Court should address his supervisory liability claim—because the Court should reject Judge Baldwin's Recommendation—the Court overrules those objections because it agrees with Judge Baldwin that Defendants are entitled to summary judgment here. (ECF No. 92 at 9.)

The Court will therefore adopt the R&R, grant Defendants' summary judgment motion, deny two of Plaintiff's three other pending motions as moot, and resolve this case in Defendants' favor.

## V. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

It is therefore ordered that the Report and Recommendation of Magistrate Judge Carla L. Baldwin (ECF No. 91) is accepted and adopted in full.

It is further ordered that that Defendants' motion for summary judgment (ECF No. 66) is granted.

It is further ordered that the Doe Defendants are dismissed from this action based on Plaintiff's failure to timely identify them.

7

It is further ordered that Defendants Ferrell and Deal are dismissed from this action for failure to effectuate service under Fed. R. Civ. P. 4(m).

It is further ordered that Plaintiff's motion for adverse jury instruction (ECF No. 80), and motion for default judgment (ECF No. 88), are denied as moot.

It is further ordered that Plaintiff's motion for leave to file exhibits under in-camera submission (ECF No. 90) is granted to the extent described herein.

The Clerk of Court is directed to enter judgment in Defendants' favor in accordance with this order and close this case.

DATED THIS 5th day of August 2020.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE